STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss.                          CIVIL ACTION
                                         Docket No. RE-11-604
                                         *N/M -Cum- 12/10/2013*

BANK OF AMERICA,
N.A.,

          Plaintiff
                                         ORDER ON MOTION TO
     v.                                  CLARIFY

CAROLYN A. PACKARD
and JOHN U. PACKARD,

          Defendants

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC.,

          Party-in-Interest


     Before the court is the plaintiff's motion to clarify the court's order of 8/4/13.

On 10/4/12, the court signed an agreed order of foreclosure and sale. 14 M.R.S. §§

6321, et. seq. (2012). On 5/23/12, the court accepted the plaintiff's report of sale. 14

M.R.S. § 6324 (2012). On 7/8/13, the plaintiff filed a motion to confirm sale held and

requested that the court confirm the auction sale held on December 17, 2012 or, in

the alternative, permit the plaintiff to readvertise and hold the auction sale again. On

8/4/13, the court denied the motion to confirm sale. On 8/19/13, the plaintiff filed

the motion to clarify the 8/4/13 order. In the affidavit in support of motion to

clarify, Attorney Doonan states that a third party "has questioned ambiguity in the

Agreed Order of Foreclosure and Sale and the right of redemption as a potential

cloud on the title." (Doonan Aff. ¶ 20.) The plaintiff requests again that the court

permit it to readvertise and hold the sale again.

## Confirm Sale

The foreclosure statute describes the procedure that follows a judgment in a foreclosure action. 14 M.R.S. §§ 6323-6324 (2012). The procedure does not include the confirmation of a sale by the court. Id. Section 6324 allows the court to accept a report of sale from a mortgagee in a foreclosure action after judgment and sale of the mortgaged premises. 14 M.R.S. § 6324. The filing of a report of sale "is not a condition to effective title transfer via foreclosure sale," and the foreclosure process is considered complete by the time of the sale.[1] In re McKinney, 344 B.R. 1, 7 & n.7 (Bankr. D. Me. 2006) (distinguishing Maine law from another Oklahoma law, which requires a sale to be confirmed by a court in order for the sale to be deemed "conducted" in accordance with state law).

## Readvertise and Hold Sale Again

In the report of sale and disbursement of proceeds dated 4/3/13, the plaintiff stated that the sale of the premises subject to this foreclosure action was held on 12/17/12. The property was sold to Federal National Mortgage Association. The plaintiff disbursed the proceeds of $154,937.89 to Bank of America. Notwithstanding these events, the plaintiff proposes, with no explanation or authority, to readvertise and hold a sale again.

---

[1] 14 M.R.S. § 6324 states the following, in pertinent part:

> After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at the mortgagor's last known address. This report need not be accepted or approved by the court, provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such challenge may be for money only and does not affect the title to the real estate purchased by the highest bidder at the public sale.

The entry is

> The Plaintiff's Motion to Clarify is GRANTED as follows:
> The Plaintiff's Request to Readvertise and Hold the Sale
> Again is DENIED.

Dated: /2·/0·/3

Nancy Mills
Justice, Superior Court

CUMBERLAND RE-11-604

3